```
                           UNITED STATES DISTRICT COURT
                             DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Titus Williams, # 189883, | ) C/A No. 8:12-2374-RMG-JDA |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Director William Byars, *South Carolina Department of Corrections*, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. On September 18, 2002, in the Court of General Sessions for York County, Petitioner was convicted, in a jury trial, of distribution of crack cocaine and distribution of crack cocaine within the proximity of a public park or playground, and was given concurrent sentences of thirty and fifteen years. An *Anders* brief was filed on direct appeal. The South Carolina Court of Appeals dismissed the direct appeal on May 5, 2004. Petitioner on June 14, 2004, filed an application for post-conviction relief (Case No. 04-CP-46-1999), which was dismissed with prejudice on October 20, 2006. Petitioner appealed the denial of post-conviction relief. Petitioner indicates that the South Carolina Court of Appeals denied the petition for writ of certiorari on May 4, 2009.

In the Section 2254 Petition in the case at bar,[1] Petitioner raises two (2) grounds in the Petition: *(I)* trial counsel was ineffective by "opening the door" for the prosecution to bring up prior bad acts, but PCR counsel failed to raise this issue; and *(II)* at the PCR hearing, Petitioner learned that trial counsel failed to inform Petitioner that the State had offered him a plea deal. Appended to the Petition is a copy of a Fourth Circuit form for seeking leave to file a successive petition (ECF No. 1-1) signed and dated by Petitioner on August 13, 2012, which is the same day that Petitioner signed the Petition.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See*

---

[1] A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). In the above-captioned case, Petitioner, however, has listed the Director of the South Carolina Department of Corrections as the Respondent.

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

With respect to his conviction, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner appears to have exhausted his state court remedies, he has, in the case at bar, submitted a successive habeas corpus petition.

Petitioner on June 25, 2009, brought a habeas corpus action pursuant to 28 U.S.C. § 2254 in *Titus Williams v. Warden McCall*, Civil Action No. 2:09-1685-RMG-RSC. The Honorable Robert S. Carr, United States Magistrate Judge, on June 30, 2009, directed the respondent in Civil Action No. 2:09-1685-RMG-RSC to file an answer, return, or other response. After receiving two extensions of time, the respondent in Civil Action No. 2:09-1685-RMG-RSC on October 23, 2009, filed a return, memorandum, and motion for summary judgment. Magistrate Judge Carr on October 26, 2009, issued a *Roseboro* order

to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner filed his response on November 19, 2009.

In a Report and Recommendation filed in Civil Action No. 2:09-1685-RMG-RSC on February 9, 2010, Magistrate Judge Carr recommended that the respondent's motion for summary judgment be granted. The parties in Civil Action No. 2:09-1685-RMG-RSC were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed his objections on March 2, 2010.

On October 28, 2010, the Honorable Richard M. Gergel, United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondent in Civil Action No. 2:09-1685-RMG-RSC. Judge Gergel on April 11, 2011, denied Petitioner's motion to set aside judgment.

Petitioner's subsequent appeal (Fourth Circuit Docket No. 11-6591) in Civil Action No. 2:09-1685-RMG-RSC was not successful. On August 30, 2011, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. *Williams v. McCall*, No. 11-6591, 444 Fed.Appx. 675, 2011 WL 3805647 (4th Cir. Aug. 30, 2011).

This court may take judicial notice of Civil Action No. 2:09-1685-RMG-RSC. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to

4

which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 661–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 2:09-1685-RMG-RSC was decided by summary judgment, the Petition in the above-captioned case (Civil Action No. 8:12-2374-RMG-JDA) is successive.

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

Petitioner's exhibit (ECF No. 1-1) indicates that Petitioner is in the process of seeking leave to file a successive petition from the United States Court of Appeals for the Fourth Circuit. Before Petitioner attempts to file another Section 2254 petition in the United States District Court for the District of South Carolina, he **must** obtain leave (*i.e.*, written permission)

from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

August 27, 2012         s/Jacquelyn D. Austin
Greenville, South Carolina     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).