IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Titus Williams, #189883, ) | Civil Action No. 8:12-cv-2374-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Director William Byars, South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

Titus Williams, an inmate at the Perry Correctional Institute of the South Carolina Department of Corrections, petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(c) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings.

Williams filed this habeas petition on August 13, 2012. (Dkt. No. 1). The Magistrate Judge issued an Order on August 27, 2012 which directed the Clerk to not authorize the issuance and service of process unless ordered otherwise by a United States District Judge, to grant petitioner's motion to proceed *in forma pauperis*, to remind Petitioner of certain format and mailing requirements, and to note that Petitioner receives the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of transfer to prison officials for delivery to the court). (Dkt. No. 7). Also on August 27, 2012, the Magistrate Judge issued a Report and Recommendation that the Petition be dismissed without prejudice and without requiring a return filing from Respondent. (Dkt. No. 9).

1

The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Petitioner has failed to object to the Report and Recommendation. As explained herein, this Court has reviewed the Record and agrees with the Report and Recommendation, and therefore dismisses the petition.

**Background**

Petitioner was convicted on September 18, 2002 in York County for distribution of crack cocaine and distribution of crack cocaine within the proximity of a public park or playground and sentenced to concurrent thirty and fifteen-year terms of incarceration. (Dkt. No. 1). Petitioner's direct appeal was dismissed by the South Carolina Court of Appeals May 5, 2004. *Id.* Petitioner then filed for post-conviction relief in the York County Court of Common Pleas on June 14, 2004 and that application for relief was dismissed with prejudice on October 20, 2006. *Id.* Petitioner then petitioned the South Carolina Supreme Court for a writ of certiorari on January 16, 2008 and the case was transferred to the South Carolina Court of Appeals on July 11, 2008. The Court of Appeals then denied the petition for writ of certiorari on February 9, 2009. Petitioner then filed a petition for rehearing on March 10, 2009 which was denied on May 4, 2009. *Williams v. McCall*, No. 2:09-cv-1685-RMG (Dkt. No. 25).[1] Petitioner filed a petition in the United States District Court for the District of South Carolina seeking a writ of habeas corpus on June 25, 2009. (*Id* at Dkt. No. 1). After the state filed a return and motion for summary judgment, that petition was dismissed on summary judgment on October 28, 2010. (*Id.* at Dkt. No. 33). Petitioner's motion to set aside that judgment was denied on April 11, 2011. (*Id.* at Dkt. No. 39). Petitioner appealed the denial of his motion to set aside the judgment to the Fourth

---

[1] This court may take judicial notice of its records. *See, e.g. Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is notice of the content of the court's own records).

2

Circuit Court of Appeals on May 2, 2011, and that appeal was dismissed on September 9, 2011. *Id.* at Dkt. Nos. 41, 46).

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

After reviewing the record, the applicable legal authorities, and the Report and Recommendation of the Magistrate Judge, the Court agrees with and wholly adopts the conclusions of the Magistrate Judge. Petitioner was convicted and sentenced in York County, South Carolina. Petitioner filed a prior petition seeking a writ of habeas corpus which was dismissed on the merits. The instant petition alleges the same grounds for relief as the previous petition. Because the petitioner has previously sought a writ of habeas corpus on the same grounds which was dismissed on the merits, the instant petition is deemed successive and cannot be reviewed by the District Court unless the District Court is given review authority by the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has made a motion pursuant to § 2244 to the Fourth Circuit but that motion has not yet been granted. (Dkt. No. 1-1).

3

Since Petitioner's application is denied, requiring Respondent to file a return would be an unnecessary burden on Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit"). Respondent is not required to file a return.

### Conclusion

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Petitioner's application for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED** and respondent is not required to file a return.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 16, 2012
Charleston, South Carolina